UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DEBRA R. LAURENT                                    CIVIL ACTION

VERSUS                                              NO. 07-4056

OM FINANCIAL LIFE                                   SECTION "S" (2)
INSURANCE COMPANY


## ORDER AND REASONS

Plaintiff Debra R. Laurent originally filed this suit in state court on July 13, 2007.
She sought benefits allegedly due upon her husband's death under a life insurance policy
issued by defendant Om Financial Life Insurance Company, formerly known as Fidelity
and Guaranty Insurance Company ("Old Mutual").  Plaintiff also sought damages,
attorneys fees and penalties for defendant's alleged bad faith.  Old Mutual removed the
matter to this federal court on August 10, 2007, based exclusively on diversity of
citizenship jurisdiction.  Record Doc. No. 1 (Notice of Removal at ¶'s III - VII).

On October 26, 2007, plaintiff filed the motion for leave to file her first amended
complaint, which is now pending before me.  Record Doc. No. 9.  The amendment seeks
to name an additional defendant, Vernon Horn, a Louisiana citizen for purposes of
diversity jurisdiction, who is alleged to be an agent of defendant Old Mutual.  The
amended complaint alleges, among other things, that Horn and Old Mutual are "solidary
obligors" in their breach of the subject life insurance policy and that "Horn's actions

amount to fraud" and "negligent failure to disclose" certain material information to Old Mutual concerning the decedent's application for insurance.

Old Mutual filed a timely opposition memorandum, Record Doc. No. 10, in which it contends that permitting the amendment to name Horn as an additional defendant would destroy subject matter jurisdiction because complete diversity would no longer exist. Plaintiff was permitted to file a reply memorandum. Record Doc. No. 12 and 13.

Fed. R. Civ. P. 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." Thus, the policy of Rule 15(a) is to permit liberal amendment of pleadings, and the language of the Rule evinces a bias in favor of granting leave to amend. Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial. Stripling v. Jordan Prod. Co., 234 F.3d 863, 872 (5th Cir. 2000) (quotations omitted) (citing Foman v. Davis, 371 U.S. 178, 182 (1962); Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994); Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co., 195 F.3d 765, 770 (5th Cir. 1999); Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 597-98 (5th Cir. 1981)).

However, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. 1447(e). The court's decision to permit or deny the joinder under these circumstances depends not upon the

2

factors generally applicable to Rule 15(a) motions to amend, but upon application of the factors enunciated by the Fifth Circuit in Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987), and approved in Tillman v. CSX Transp., Inc., 929 F.2d 1023, 1029 n.11 (5th Cir.1991).

The first Hensgens factor is the extent to which joinder of the non-diverse party is sought to defeat federal jurisdiction.  On one hand, plaintiff offers no persuasive explanation why Horn was not named as a defendant or otherwise mentioned in the original state court petition.  Clearly, Horn's identity and role in the subject transactions were known or should have been known by plaintiff at the time the original petition was filed. These circumstances give rise at least to some suspicion that a desire to defeat federal jurisdiction might motivate the amendment.  On the other hand, I cannot conclude on the current record that plaintiff's claims against Horn have such a poor chance of succeeding or are perempted or otherwise barred, as defendant argues, that they are now being asserted for the purpose of defeating diversity jurisdiction. Under these circumstances, I cannot determine to what extent joinder of the non-diverse party is sought to defeat federal jurisdiction, and this weighs only slightly in favor of denying the amendment.

The second Hensgens factor is whether plaintiff has been dilatory in asking for the amendment.  The record establishes that this court entered a Rule 16 scheduling order

setting a deadline of October 26, 2007, for filing amended pleadings in this case. Record Doc. No. 8. Plaintiff <u>timely</u> filed this motion to amend in compliance with the deadline set by the court. Thus, I cannot conclude that plaintiff has delayed unduly in seeking this amendment, and this factor weighs in favor of permitting the amendment.

The third <u>Hensgens</u> factor is whether plaintiff would be significantly injured if the requested amendment is not allowed. As mentioned above, I cannot conclude on the current record that the claims asserted by plaintiff against Horn, including one based upon fraud allegations, are not viable or that they are perempted or otherwise barred under applicable state law, as defendant argues. In addition, the claims asserted against Horn are so closely related to the claims asserted against Old Mutual that considerations of judicial efficiency and avoidance of duplicated costs and effort militate in favor of combining them in a single action. Thus, plaintiff runs a substantial risk of significant injury if she is not permitted to assert these claims in this single case, and this factor weighs in favor of permitting the amendment.

The final <u>Hensgens</u> consideration is whether any <u>other</u> factor bears on the equities. The nature of the claims asserted in this case by a widow based upon the death of her husband to recover life insurance benefits, which have been denied, are equities that favor permitting the amendment.

4

For all of the foregoing reasons, three <u>Hensgens</u> factors weigh in favor of permitting the amendment, while one weighs only slightly in favor of denying it. On balance, therefore, plaintiff's motion to amend is **GRANTED**. Whether the case should now be remanded to state court pursuant to Section 1447(e) is a matter to be determined by the presiding district judge, upon a properly filed motion noticed for hearing before her.

New Orleans, Louisiana, this ___29th___ day of November, 2007.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

Clerk to Notify:
Hon. Mary Ann Vial Lemmon